**Dickner Alvaro LOPEZ-ESCOBAR, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-71825

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 3, 2017

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Thomas A. Lappin, Esquire, Attorney, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner

Timothy Hayes, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Dickner Alvaro Lopez-Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Lopez-Escobar established changed or extraordinary circumstances excused his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Cul-*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*patan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).

We reject Lopez-Escobar's challenge to the BIA's determination that his proposed social group is not cognizable, because the social group he proposed did not meet the particularity or the social distinction requirements, *see Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)), and Lopez-Escobar otherwise failed to establish he would be persecuted on account of a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Lopez-Escobar's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Lopez-Escobar failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.